IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JOANN JACKSON,** | ) | RECEIVED: JULY 28, 2008 |
|        **Plaintiff,** | ) | 08CV4270 |
| | ) | JUDGE ZAGEL |
| v. | )   No. | MAGISTRATE JUDGE COX |
| | ) | |
| **THE COUNTY OF COOK, a public corporation,** | ) ) | JFB |
| | ) | **JURY TRIAL DEMANDED** |
|        **Defendant.** | ) | |

## COMPLAINT

### INTRODUCTORY STATEMENT

1.  Plaintiff Joann Jackson ("Ms. Jackson") brings this complaint pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 <u>et seq.</u> ("FMLA") against Defendant, Cook County ("the County"). Ms. Jackson seeks injunctive relief, back pay and benefits, and liquidated damages from the County for violating the FMLA by terminating her employment when she was eligible for FMLA leave to care for a family member with a serious health condition.

### JURISDICTION

2.  This Court has jurisdiction over plaintiff's claims under 29 U.S.C. § 2617(a)(2), 28 U.S.C. § 1331, and 28 U.S.C. § 2201.

3.  This Court is the appropriate venue under 28 U.S.C. § 1391.

### PARTIES

4.  Plaintiff Joann Jackson is an individual who, at the time this cause of action arose, resided in the Northern District of Illinois. At all relevant times, Ms. Jackson was an "eligible employee" under the FMLA because she had been employed with the County for more than

twelve months and she had worked at least 1,250 hours in the year preceding her request for FMLA leave. 29 U.S.C. § 2611(2)(A).

5. Defendant County of Cook ("County"), is a public corporation organized under the laws of the State of Illinois. The County is a political subdivision of the State of Illinois created for the purpose of carrying out the policy of the State for the administration of, *inter alia*, local government.

6. At all times relevant to this Complaint, John H. Stroger Jr. Hospital ("County Hospital") had more than 15 employees, had more than 50 employees within a 75-mile radius of Plaintiff's workplace, and was an employer for the purposes of the FMLA. 29 U.S.C. § 2611(4).

## STATEMENT OF THE CASE

A. Factual Allegations

7. The County hired Ms. Jackson on or about December 13, 1993, and she had been employed full-time and continuously until her termination in September 2006.

8. At the time she was terminated, Ms. Jackson was a Clerk V in the Mammography department at County Hospital.

9. In 2005, Ms. Jackson's son, who had previously been diagnosed as schizophrenic, was causing Ms. Jackson to be absent from work on an intermittent basis.

10. In May 2005, Ms. Jackson requested intermittent leave pursuant to the FMLA and the County's policies.

11. The County granted Ms. Jackson's request for intermittent FMLA leave on May 16, 2005.

12. On June 22, 2006, Ms. Jackson received a letter from the County Hospital saying

that her intermittent leave had expired. The letter did not advise her whether she could reapply for intermittent leave.

13. As of June 22, 2006, Ms. Jackson had not used 12 weeks of leave.

14. On July 8, 2006. Ms. Jackson submitted another request for intermittent FMLA leave to the Human Resources division at the County Hospital.

15. The administrative assistant for Ms. Jackson's department, Beulah Brent, refused to sign the request for intermittent FMLA leave, and wrote on the signature line: "refused to sign due to lack of hours (FMLA ended 5/17/06)."

16. The County never approved or denied the July 8, 2006 request for intermittent FMLA leave.

17. On August 16, 2006, the County held a pre-disciplinary hearing with respect to its stated intention to terminate Ms. Jackson for absenteeism and tardiness.

18. On September 18, 2006, the County terminated Ms. Jackson for absenteeism and excessive tardiness.

19. After a Discharge Review Hearing on November 14, 2006, the County upheld its decision to terminate Ms. Jackson on December 5, 2006.

20. Most of Ms. Jackson's absences from June 22, 2006 to August16, 2006 were due to her son's serious health condition.

B.   Applicable Law – The Family and Medical Leave Act of 1993

21. The Family and Medical Leave Act of 1993 ("FMLA") entitles employees to take up to 12 weeks of unpaid leave "for the care of a child, spouse, or parent who has a serious medical condition." 29 U.S.C. § 2601(b)(2).

22. An "eligible employee" under the FMLA is an employee who has been employed:

   a. "for at least 12 months by the employer with respect to whom leave is requested," and

   b. "for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A).

23. An "employer" is defined by the FMLA to include "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(I).

24. An "employer includes any "public agency" 29 U.S.C. § 2611(4)(A)(iii). A "public agency" includes "any agency of . . . a State or a political subdivision of a State." 29 U.S.C. § 203(x).

25. The term "serious health condition" means "an illness , injury, impairment, or physical or mental condition that involves . . . continuing treatment by a healthcare provider." 29 U.S.C. § 2611(11).

26. Leave to care for a child with a serious health condition may be taken intermittently when medically necessary, and taking intermittent leave shall not result in a reduction in the total amount of leave to which the employee is entitled. 29 U.S.C. § 2612(b)(1).

## CLAIM FOR RELIEF

27. The County violated Ms. Jackson's rights under the FMLA by terminating her employment based on absences that should have been excused as unpaid leave under the FMLA.

28. The County's violations of the FMLA were not in good faith and the County did

not have reasonable grounds for believing that its actions were not in violation of 29 U.S.C. § 2615.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Joanne Jackson respectfully requests that this Court:

A.   Pursuant to any jury verdict for Ms. Jackson, direct Defendant to pay damages equal to the amount of wages, salary, employment benefits, and other compensation which she was denied or lost as a result of the violation, plus pre-and post-judgment interest on this amount at the prevailing rate, pursuant to 29 U.S.C. § 2917(a)(1)(A)(i), (ii);

B.   Pursuant to any jury verdict for Ms. Jackson, direct Defendant to pay liquidated damages equal to the amount of compensatory damages plus interest, as described in the preceding paragraph, pursuant to 29 U.S.C. § 2917(a)(1)(A)(iii);

C.   Award Ms. Jackson her costs in bringing this action, including reasonable expert witness fees and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2917(a)(3);

D.   Award reasonable attorney's fees to the law firm of Mandell Menkes LLC;

E.   Award Ms. Jackson reinstatement to her position as a Clerk V in the Mammography Department; and

F.   Grant such other relief as the Court deems just and proper.

          Respectfully submitted,


          /s/R. Elizabeth Rosenthal
          One of Plaintiff's Attorneys

Elizabeth Rosenthal
Legal Assistance Foundation
of Metropolitan Chicago
3333 W. Arthington, Suite 151
Chicago IL 60624
(773) 321-7915

Timothy Huizenga
Legal Assistance Foundation
of Metropolitan Chicago
111 W. Jackson, 3rd floor
Chicago IL 60624
(312) 347-8377

Brendan J. Healey
Mandell Menkes LLC
330 West Wacker, Suite 300
Chicago IL 60606
(312) 759-2158